**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ASSET 42302 LLC,** )
) 
**Plaintiff,** )
) **No. 03-287C**
**v.** ) **(Judge Braden)**
)
**THE UNITED STATES,** )
)
**Defendant.** )

**DEFENDANT'S UNOPPOSED MOTION FOR A STAY OF PROCEEDINGS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 1 of the Rules of the United States Court of Federal Claims and in the interests of judicial economy, defendant respectfully requests that proceedings pertaining to plaintiff's motion for summary judgment be stayed until December 21, 2006.[1] Plaintiff consents to this motion, which is defendant's first motion for this purpose, provided that it does not prejudice plaintiff's claims in this case.

This motion is necessary for the following reason. On or about October 23, 2006, plaintiff filed a motion for summary judgment ("plaintiff's motion"). Plaintiff's motion, however, sought as damages the amount of $204,823.76, rather than the amount of $68,111.36, which was contained in plaintiff's second amended complaint, filed on December 16, 2005. *See* second amended complaint, ¶¶ 24, 27, 32. In addition, plaintiff's legal theory for its augmented damages was different from that asserted in its original claim to the contracting officer and in its second amended complaint. *See* plaintiff's motion at 14-15. Indeed, at the same time that plaintiff filed its motion, it also submitted to the contracting officer a certified written claim

[1] Defendant originally filed a paper copy of this motion on November 27, 2006, after the Court's CM/ECF system did not permit an electronic filing.

seeking for the first time the bulk of the relief requested in plaintiff's motion. *See id.* at 15, n. 2. The contracting officer has not yet responded to that claim and, by statute, 41 U.S.C. § 605(c)(2)(a), he has until on or about December 21, 2006, to issue a decision on plaintiff's claim.[2] Therefore, in order to obviate needless litigation regarding the Court's jurisdiction to entertain plaintiff's motion, defendant respectfully requests a stay of these proceedings until December 21, 2006, so that plaintiff's claim can be processed in the manner prescribed by the Contract Disputes Act, 41 U.S.C. §§ 601-613, and the Court can avoid piecemeal consideration of plaintiff's claims.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6327
Washington, D.C. 20260-1127
(202) 268-4037

Date: December 21, 2006

---

[2] On December 21, 2006, the contracting officer sent a letter to the plaintiff in response to the claim, in which, pursuant to Section 6 of the Contract Disputes Act of 1978, 41 U.S.C. § 605(c)(2)(B), he notified the plaintiff that he shall issue a decision upon the claim on or before January 5, 2007.