**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ASSET 42302 LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 03-287C** |
| | ) | **(Judge Braden)** |
| | ) | |
| **\THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**
**TO THE THIRD AMENDED COMPLAINT**

As its answer to the third amended complaint, defendant admits, denies, and avers as follows:

PARTIES

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

JURISDICTION

3. Admits the allegations contained in paragraph 3 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

FACTUAL ALLEGATIONS

8. Denies the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 9 are denied.

10. Admits the allegations contained in the first sentence of paragraph 10, and avers that the Postal Service notified plaintiff prior to November 1, 2000, that the lease was being terminated. The allegations contained in the second sentence of paragraph 10 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 11 are denied.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations

contained in paragraph 12 are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. Admits the allegations contained in the first and second sentences of paragraph 16 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first and second sentences of paragraph 16 are denied. Denies the allegations contained in the third sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the documents referenced, which are the best evidence of its contents; otherwise the allegations contained in paragraph 17 are denied.

18. The allegations contained in the first two sentences of paragraph 18 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 18 that the Postal Service paid $37,141.29 to plaintiff; admits the remaining allegations contained in the third sentence of paragraph 18 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the third sentence of paragraph 18 are denied.

19. Denies the allegations contained in the first and second sentences of paragraph 19

for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation contained in the third sentence of paragraph 19 that "Plaintiff's insurance carrier only paid $136,695.06" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; denies the remaining allegations contained in the third sentence of paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

FIRST CAUSE OF ACTION

22. Defendant incorporates by reference its responses to paragraphs 1 through 21 of the complaint.

23. The allegations contained in paragraph 23 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. Denies the allegations contained in the first sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the second sentence of paragraph 25 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

SECOND CAUSE OF ACTION

27. Defendant incorporates by reference its responses to paragraphs 1 through 26 of the complaint.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

THIRD CAUSE OF ACTION

30. Defendant incorporates by reference its responses to paragraphs 1 through 29 of the complaint.

31. Admits the allegations contained in paragraph 31 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 31 are denied.

32. Denies.

33 The allegations contained in paragraph 33 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies that the Postal Service occupied the premises in December 2000 and January 2001; otherwise admits the remaining allegations contained in paragraph 34.

FOURTH CAUSE OF ACTION

35. Defendant incorporates by reference its responses to paragraphs 1 through 34 of

the complaint.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## PRAYER FOR RELIEF

38. Denies that plaintiff is entitled to the relief set forth in the Prayer For Relief immediately following paragraph 37 of the complaint, or to any relief whatsoever.

39. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

40. Plaintiff's complaint is barred by its own contributory negligence. See RCFC 8 Rules Committee Note.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

s/Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6523
Washington, D.C. 20260-1127
(202) 268-4037

Date: February 7, 2007