IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASSET 42302 LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-287C<br>(Judge Braden) |

## DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, defendant is respectfully submitting its proposed findings of uncontroverted fact to accompany its Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment. For the sake of simplicity, defendant shall use the same defined terms that appear in plaintiff's proposed findings of uncontroverted fact.

1. The Postal Service moved all of its equipment out of the Premises in September 1999. Declaration of Arthur L. Wallace, Jr. ("Wallace Dec.") ¶¶ 5, 7 (Appendix To Defendant's Proposed Findings Of Uncontroverted Fact ("Def. App.") 2).

2. The December 2000 Settlement Agreement did not contain any provision regarding how or when the Postal Service was to return to plaintiff the keys to the Premises. Plaintiff's Exhibit ("Pl. Ex.") Ex. B.

3. The December 2000 Settlement Agreement did not contain any provision requiring the Postal Service to maintain the Premises after November 30, 2000, the date by which the Postal Service was to have moved out of the Premises. Pl. Ex. B.

4. The damage to the Premises that is the subject of this action occurred on or about

December 20, 2000, 20 days after the stipulated end of the Postal Service's occupancy of the Premises. Deposition of Joseph Nathanson ("Nathanson Dep.") at 23, l. 22 (Def. App. 11-12); Pl. Ex. F at 2 (showing "Date of Loss" as December 20, 2000); Pl. Ex. G at 1, 2, and 3; Plaintiff's Proposed Finding of Uncontroverted Fact No. 11.

5. Following execution of the December 2000 Settlement Agreement, no representative of the plaintiff traveled to Brightmoor Station to reclaim the Premises prior to December 26, 2000. Nathanson Dep. at 16, ll. 5-9 (Def. App. 10); Deposition of J. Leonard Spodek ("Spodek Dep."), at 19, ll. 9-17 (Def. App. 17).

6. Following execution of the December 2000 Settlement Agreement, no representative of the plaintiff performed an inspection of the Premises prior to December 26, 2000. *Id.*

7. Plaintiff can not identify which Postal Service official it contacted to coordinate the visit of Mr. Nathanson to the Premises on December 26, 2000. Nathanson Dep. at 14, ll. 4-5 (Def. App. 8); Spodek Dep. at 21, ll. 5-7 (Def. App. 19).

8. The inspection report prepared by Joseph Nathanson, dated December 26, 2000, does not mention the presence of any Postal Service equipment on the Premises as of December 26, 2000. Pl. Ex. C.

9. The photographs of the Premises taken by Joseph Nathanson on December 26, 2000, do not show the presence of any Postal Service equipment on the Premises as of December 26, 2000. Pl. Ex. D.

10. There was no Postal Service equipment on the Premises on December 26, 2000. Wallace Dec. ¶ 5 (Def. App. 2); Pl. Exs. C, D.

11. The postmaster for the Brightmoor Station post office as of December 26, 2000, was Janice Giles. Wallace Dec. ¶ 6 (Def. App. 2).

12. Plaintiff received insurance proceeds of $136,695.06 from its insurer for the damages to the Premises. Spodek Dep. at 34, ll. 10-20 (Def. App. 21). Plaintiff did not use those proceeds to make repairs to the building, but sold it in an "as is" condition. *Id.*; Nathanson Dep. at 37, ll.16-23 (Def. App. 13).

13. Plaintiffs are not bringing this action for the use and benefit of their insurer. Spodek Dep. at 33-34, ll. 10-20 (Def. App. 20-21).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

s/Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6327
Washington, D.C. 20260-1127
(202) 268-4037

Date: March 19, 2007