# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASSET 42302 LLC, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | ) | Civil Action. No. 03-287-C (SGB) |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff respectfully submits this response to defendant's proposed findings of uncontroverted fact.

1. The Postal Service moved all of its equipment out of the Premises in September 1999. Declaration of Arthur L. Wallace, Jr. ("Wallace Dec.") ¶¶ 5, 7 (Appendix To Defendant's Proposed Findings Of Uncontroverted Fact ("Def. App.") 2) [sic].

Response:

Plaintiff has no first hand knowledge regarding whether the Postal Service moved all or some of its personal property from the Premises in September, 1999. Declaration of Joseph Nathanson, dated May 1, 2007, at fn. 1. However, whether the Postal Service unilaterally chose to move its personal property at the time is immaterial to whether there was a contemporaneous surrender of the Premises because a surrender during the term of the Lease requires notice by the tenant and acceptance by the landlord. The Postal Service does not contend that notice of the alleged move for the purpose of tendering a surrender was given in September, 1999, and

accepted by landlord.

2. The December 2000 Settlement Agreement did not contain any provisions regarding how or when the Postal Service was to return the plaintiff the keys to the Premises. Plaintiff's Exhibit ("Pl. Ex.") Ex. B**.**

Response:

Plaintiff agrees. The relevance to this fact is that the December 2000 Settlement Agreement, signed by the Postal Service on December 14, 2000, does not establish a notice of surrender, and otherwise establishes that the Postal Service remained in legal possession of the Premises, at a minimum, between December 1, 2000 and December 14, 2000 when the agreement was finally signed by the Postal Service.

3. The December 2000 Settlement Agreement did not contain any provision requiring the Postal Service to maintain the Premises after November 30, 2000, the date by which the Postal Service was to have moved out of the Premises. Pl. Ex. B.

Response:

Plaintiff agrees, but avers that the allegation is immaterial because the Postal Service was obligated to maintain the Premises pursuant to the terms of the expired Lease Agreement, and was also obligated to act reasonably pursuant to an implied covenant not to commit waste.

4. The damage to the Premises that is the subject of this action occurred on or about December 20, 2000, 20 days after the stipulated end of the Postal Service's occupancy of the

Premises. Deposition of Joseph Nathanson ("Nathanson Dep.") at 23, 1.22 (Def. App. 11-12); Def. Pl. Ex. F at 2 (showing "Date of Loss" as December 20, 2000); Pl Ex. G at 1, 2, and 3; Plaintiff's Proposed Finding of uncontroverted Fact No. 11.

Response:

Plaintiff agrees that December 20, 2000 was the date of loss established by plaintiff's insurance carrier for insurance purposes. However, Asset disagrees with the legal conclusion that the December 2000 Settlement Agreement effected a contemporaneous surrender of possession of the Premises because it clearly indicates that the so-called "move" had not yet occurred and was yet to be "forthcoming", which is inconsistent with a contemporaneous and unconditional "yielding up" of the leasehold estate. Pl's Exhibit B, ¶3.

5. Following execution of the December 2000 Settlement Agreement, no representative of the plaintiff traveled to Brightmoor Station to reclaim the Premises prior to December 26, 2000. Nathan Dep. at 16, 11. 5-9 (Def. App. 10); Deposition of J. Leonard Spodek ("Spodek Dep."), at 19, 11. 9-17 (Def. App. 17).

Response:

Plaintiff agrees, except to clarify that record contains no indication that the Postal Service gave notice of surrender, or notice that the "forthcoming move" referred to in paragraph 3 of the December 2000 Settlement Agreement had been completed.

6. Following execution of the December 2000 Settlement Agreement, no representative of the plaintiff performed an inspection of the Premises prior to December 26,

2000. Id.

Response:

Plaintiff agrees, except to clarify that the December 2000 Settlement Agreement was not signed by the Postal Service until December 14, 2000, which was 12 days prior to the December 26, 2000 inspection. Thus, from December 1, 2000 through December 14, 2000, the Lease term had not been cancelled and was still in effect, and the Postal Service otherwise remained in legal possession. Further, there is no evidence in the record to establish that the Postal Service gave notice of surrender or that the "forthcoming move" had been completed between December 14, 2000, when the agreement was signed by the Postal Service, and the date of casualty on December 20, 2000.

7. Plaintiff can not identify which Postal Service official it contacted to coordinate the visit of Mr. Nathanson to the Premises on December 26, 2000. Nathanson Dep. at 14, 11. 4-5 (Def. App. 8); Spodek Dep. At 21, 11. 5-7 (Def. App. 19).

Response:

Plaintiff agrees, except to clarify that the representative of plaintiff who performed the December 26, 2000 inspection, Joseph Nathanson, identified what he characterized as a male postmaster. See Nathanson Dep. p. 15, line 14. Based on the Declaration of Arthur L. Wallace, it now appears that he was the one who met Mr. Nathanson on December 26, 2000 and that his title at the time was Superintendent.

8. The inspection report prepared by Joseph Nathanson, dated December 26, 2000,

does not mention the presence of any Postal Service equipment on the Premises as of December 26, 2000. Pl. Ex. C.

Response:

Plaintiff agrees, except avers that the basis for the Postal Service's holdover is the failure to give notice of surrender and the express refusal to unconditionally deliver the keys to plaintiff during the December 26, 2000 meeting, and is not based on whether any Postal Service property was in the Premises on December 26, 2000.

9. The photographs of the Premises taken by Joseph Nathanson on December 26, 2000, do not show the presence of any Postal Service equipment on the Premises as of December 26, 2000. Pl. Ex. D.

Response:

Plaintiff agrees, except avers that the basis for the Postal Service's holdover is the failure to give notice of surrender and the express refusal to unconditionally deliver the keys to plaintiff during the December 26, 2000 meeting, and is not based on whether any Postal Service property was in the Premises on December 26, 2000.

10. There was no Postal Service equipment on the Premises on December 26, 2000. Wallace Dec. ¶ 5 (Def. App. 2); Pl. Exs. C, D.

Response:

Plaintiff agrees, except avers that the basis for the Postal Service's holdover is the failure to give notice of surrender and the express refusal to unconditionally deliver the keys to plaintiff

during the December 26, 2000 meeting, and is not based on whether any Postal Service property was in the Premises on December 26, 2000.

11. The postmaster for the Brightmoor Station post office as of December 26, 2000, was Janice Giles. Wallace Dec. ¶6 (Def. App. 2).

Response:

Plaintiff agrees, except avers that the identity of the postmaster is immaterial and undisputed because it is now clear from the record that Mr. Nathanson met with Mr. Wallace on December 26, 2000.

12. Plaintiff received insurance proceeds of $136,695.06 from its insurer for the damages to the Premises. Spodek Dep. at 34, 11. 10-20 (Def. App. 21). Plaintiff did not use those proceeds to make repairs to the building, but sold it in an "as is" condition. *Id.;* Nathanson Dep. at 37, 11.16-23 (Def. App. 13).

Response:

Plaintiff agrees, but avers that plaintiff's insurance policy is immaterial to the Postal Service's liability for its own wrongful conduct.

13. Plaintiffs are not bringing this action for the use and benefit of their insurer. Spodek Dep. at 33-34, 11.10-20 (Def. App. 20-21).

Response:

Plaintiff agrees, but avers that this is immaterial because the plaintiff brings this action

for its own use and benefit.

Dated: Garden City, New York
May 3, 2007

Respectfully submitted,

_______/s/_______________________

Robert J. Howard
ROSENBERG CALICA & BIRNEY LLP
*Attorneys for Plaintiff*
100 Garden City Plaza - Suite 408
Garden City, New York 11530
(516) 747-7400

G:\Spodek\ASSET LLC\Legal\Summary Judgment\Pl's response to proposed findings 042707.wpd

**CERTIFICATE OF SERVICE**

I, Betty M. Valentine, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of the **PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**, was made May 3, 2007 by

Mail service: Federal Express, priority overnight, fully pre-paid, addressed to:

TO: Michael Francis Kiely, Esq.
United States Postal Service - Law Department
475 L'Enfant Plaza, SW
Room 6523
Washington, DC 20260-1127

Under penalty of perjury, I declare that the foregoing is true and correct.

May 3, 2007 /s/
Date Signature

| | |
|---|---|
| Print Name | Betty M. Valentine<br>ROSENBERG CALICA & BIRNEY LLP |
| Business Address | 100 Garden City Plaza<br>Suite 408 |
| City State Zip | Garden City, New York 11530 |